

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00443-CR

Rodrigo **MOSQUERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CR-8500
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:         Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:   September 11, 2013

AFFIRMED; MOTION TO WITHDRAW GRANTED

Rodrigo Mosquera pled no contest to assault–family violence, second offense, and received deferred adjudication community supervision for a term of three years. The State filed a motion to adjudicate guilt and revoke his community supervision alleging that Mosquera violated five conditions of his community supervision: Condition No. 5 by failing to report for the months of April and May 2012; Condition No. 15J by failing to provide documentation of attendance and compliance with all rules, regulations, instructions, and financial agreements with regard to anger management class; Condition No. 15CC by failing to apply for the Treatment Alternative to

Incarceration Program (TAIP); Condition No. 10 by failing to pay court costs, fines, supervisory fees, and analysis fees; and Condition No. 1 by committing the offense of theft on or about May 31, 2012. Mosquera pled "not true" to the alleged violations. After an evidentiary hearing, the trial court found that Mosquera violated all the conditions alleged by the State. The court adjudicated Mosquera guilty and revoked his community supervision. The court sentenced Mosquera to five years' imprisonment plus a $1,200 fine. Mosquera now appeals. We affirm the trial court's judgment.

Mosquera's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id.*; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Mosquera with a copy of the brief and motion to withdraw, and informed him of his right to review the record and file his own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Mosquera filed a *pro se* brief.

After reviewing the record, counsel's brief, and Mosquera's *pro se* brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed. *See id.* Appellate counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Mosquera wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition

for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Rebeca C. Martinez, Justice

DO NOT PUBLISH